**Robert BROCK, Appellant**

v.

**Alan SUTKER, M.D., Appellee.**

**No. 05–05–01540–CV.**

Court of Appeals of Texas, Dallas.

March 8, 2007.

Jeffrey Warren Hitt, Attorney At Law, Houston, for Appellant.

Peter H. Anderson, David M. Walsh, IV, Chamblee & Ryan, P.C., Dallas, for Appellee.

Before Justices FITZGERALD, RICHTER, and FRANCIS.

## OPINION

Opinion by Justice FRANCIS.

Robert Brock appeals the trial court's order dismissing his medical malpractice lawsuit against Alan Sutker, M.D., for failing to provide an expert report. In a single point of error, he argues an agreed scheduling order extended the time for filing the report. We affirm.

On May 4, 2005, Brock sued Dr. Sutker for treatment he received to his arm. Some 131 days later, on September 12, Dr. Sutker filed a motion to dismiss the suit because Brock had not filed an expert report within 120 days as required in health care liability claims. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp.2006). In response, Brock asserted that the parties entered into an agreed scheduling order that extended the deadline "for [p]laintiff to designate his experts and produce reports" until January 13, 2006. He contended this agreement included the expert report required by chapter 74. After a hearing, the trial court signed an order dismissing the lawsuit and ordering Brock to pay Dr. Sutker's attorney's fees and court costs. Brock appealed.

We review a trial court's decision to dismiss a lawsuit for failure to file an expert report for an abuse of discretion. *Park v. Lynch*, 194 S.W.3d 95, 97 (Tex.

App.-Dallas 2006, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably without reference to any guiding rules and principles. *Id.*

In three sentences, Brock contends the agreed scheduling order was "a written agreement of the affected parties" that extended the 120–day deadline. As legal support for his contention, he cites only section 74.351(a), but makes no attempt to analyze the order within the context of the statute or case law. Under these circumstances, we conclude the issue is inadequately briefed. *See* TEX.R.APP. P. 38.1(h).

Even assuming his issue is not waived, it is without merit. Brock does not direct this Court to any specific portion of the scheduling order to support his position; however, only one provision would appear to apply:

> On or before January 13, 2006, Plaintiff shall serve all attorneys of record with his written designation and opinions of expert witnesses expected to testify at trial of this cause in the form of supplemental answers to written discovery, and included in such designation shall be a report from any retained experts.

Considering this provision within the context of the order and the record as a whole, we conclude it does not contemplate expert reports filed for purposes of section 74.351.

On June 25, 2005, Dr. Sutker filed a motion for continuance of the January 2006 trial setting and motion for Level III Scheduling Order. In the motion, Dr. Sutker explained that the chapter 74 expert report was not due until September 1 and he could not begin discovery until the report was filed. Dr. Sutker asserted that fact discovery could take two to three months with discovery of experts to follow. He asked the court to reset the trial twelve to fifteen months from the time the case was filed to "provide both parties the opportunity to conduct the necessary fact and expert discovery."

The order that followed is an "Agreed Level III Pre–Trial Scheduling Order Moving and Resetting the Trial Date." The order set deadlines for the plaintiff and defendant to designate testifying experts, including the reports from retained experts; written discovery and depositions; *Daubert* or dispositive objections or motions; filing of amended or supplemental pleadings; pretrial motions, special exceptions, page/line designations of videotaped depositions and any objections thereto; pretrial conference; and mediation. The order removed the case from the January 2006 trial docket and reset the case for jury trial in June 2006, thirteen months after the case was filed. Importantly, the order does not mention section 74.351, and nothing in the order suggests the parties agreed to extend any deadline set by that statute. *See Olveda v. Sepulveda*, 141 S.W.3d 679, 683 (Tex.App.-San Antonio 2004) (concluding docket control order setting deadline for designating experts and providing retained experts' reports did not include expert reports under Texas Medical and Insurance Improvement Act), *pet. denied*, 189 S.W.3d 740 (Tex.2006). In short, the order was nothing more than the discovery control plan required by the rules of civil procedure. *See* TEX.R. CIV. P. 190.4.

Because Brock failed to serve an expert report as required by statute, the trial court had no discretion but to dismiss his claims with prejudice and award reasonable attorney's fees and costs to Dr. Sutker. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b)(1), (2) (Vernon Supp.2006).

We overrule the sole point of error.

We affirm the trial court's judgment.