Lisa A. KING, M.D., The Women's Place, P.A., Sy Q. Le, M.D., and Advanced Reproductive Care Center of Irving, Appellants,

v.

Carolyn CIRILLO, Appellee.

No. 05–07–00081–CV.

Court of Appeals of Texas, Dallas.

July 19, 2007.

Rehearing Overruled Oct. 1, 2007.

Jennifer L.G. Barnes, Jeffrey R. Ross, Fraley & Fraley, L.L.P., Dallas, TX, for Appellants.

Jason M. Berent, Michael Scott Wilson, Berent & Wilson, L.P., Dallas, TX, for Appellee.

Before Justices MORRIS, FRANCIS, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

Lisa A. King, M.D., The Women's Place, P.A., Sy Q. Le, M.D., and Advanced Reproductive Care Center of Irving appeal the trial court's denial of their motion to dismiss Carolyn Cirillo's medical malpractice claims for appellee's failure to serve them with an expert report and curriculum vitae within 120 days of the filing of the original petition. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 51.014(a)(9), 74.351(b)

(Vernon Supp.2006). Appellants bring one issue asserting the trial court erred in denying their motion to dismiss and for an award of their reasonable attorney's fees and court costs.

■ We review a trial court's decision on a motion to dismiss under section 74.351 for an abuse of discretion. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 875 (Tex.2001); *Park v. Lynch,* 194 S.W.3d 95, 97 (Tex. App.-Dallas 2006, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably without reference to any guiding rules and principles. *Brock v. Sutker,* 215 S.W.3d 927, 929 (Tex.App.-Dallas 2007, no pet.); *Park,* 194 S.W.3d at 98.

The plaintiff bringing a health care liability claim must serve an "expert report" and curriculum vitae for the expert on each defendant health care provider within 120 days of filing the original petition. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a). If the plaintiff fails to meet this deadline, the defendant health care providers are entitled to dismissal of the health care liability claims with prejudice and to an award of their reasonable attorney's fees and costs of court. *Id.* § 74.351(b). "The date for serving the report may be extended by written agreement of the affected parties." *Id.* § 74.351(a).

Appellee filed her original petition against appellants alleging medical malpractice on June 13, 2006. Applying the 120–day deadline, appellee had to serve the expert report and curriculum vitae by October 11, 2006. It is undisputed that appellee did not serve the expert report by October 11. Therefore, unless the parties agreed in writing to extend the date for serving the report, the trial court was required, on appellants' motion, to dismiss the medical malpractice claims and award appellants their reasonable attorney's fees and costs of court.

On August 24, 2006, the trial court entered an "Agreed Level III Pre–Trial Scheduling Order." Appellee asserts that order constitutes the parties' written agreement to extend the time to serve the expert report required by section 74.351. The relevant portion of the agreed order stated,

> **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the following deadlines should be adhered to in this case:
>
> . . .
>
> <u>11/15/06</u> PLAINTIFFS' EXPERT WITNESS AND REPORT DEADLINE. Plaintiffs shall provide all information in accordance with Tex.R. Civ. P. 194 and 195 and shall provide a written report and CV for each retained testifying expert.
>
> <u>12/15/06</u> DEFENDANTS' EXPERT WITNESS AND REPORT DEADLINE. Defendants shall provide all information in accordance with Tex.R. Civ. P. 194 and 195 and shall provide a written report and CV for each retained testifying expert.

On October 17, 2006, appellants moved to dismiss appellee's medical malpractice claims and requested an award of attorney's fees and court costs pursuant to section 74.351(b). The same day, after appellee received the motion to dismiss, appellee's attorney faxed a letter to counsel for appellants stating that the agreed scheduling order modified the section 74.351 deadline. Appellants' counsel faxed a reply stating that appellee's counsel was "sorely mistaken." On November 30, 2006, appellee filed a response to appellants' motion to dismiss and stated she served the expert report and curriculum vitae on November 15, 2006 as re-

quired by the agreed scheduling order. Appellee attached her counsel's affidavit to the response stating that, during the negotiations on the agreed scheduling order, appellants' counsel "agreed that the proposed expert designation and expert report deadlines ... applied to all retained experts in this case, including Chapter 74 experts."

■■■ The issue before us is whether the agreed scheduling order's November 15, 2006 deadline included the section 74.351 report. In construing a written agreement, we must ascertain and give effect to the parties' intentions as expressed in the agreement. *Frost Nat'l Bank v. L & F Distribs., Ltd.*, 165 S.W.3d 310, 311–12 (Tex.2005) (per curiam); *Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owners Ass'n*, 205 S.W.3d 46, 55 (Tex.App.-Dallas 2006, pet. denied). We consider the entire writing and attempt to harmonize and give effect to all the provisions of the contract by analyzing the provisions with reference to the whole agreement. *Frost Nat'l Bank*, 165 S.W.3d at 312; *Hackberry Creek Country Club, Inc.*, 205 S.W.3d at 55–56. If the agreement is susceptible to more than one reasonable interpretation, it is ambiguous. *Seagull Energy E & P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 345 (Tex.2006); *Hackberry Creek Country Club, Inc.*, 205 S.W.3d at 56. Whether an agreement is ambiguous is a question of law. *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 781 (Tex.2006) (orig.proceeding). The ambiguity must be evident by examining the document itself; it cannot be created by considering parol evidence of the parties' intent. *Fiess v. State Farm Lloyds*, 202 S.W.3d 744, 747 (Tex.2006); *Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 283 (Tex.1996) (per curiam). If the agreement is not ambiguous, and therefore is not susceptible to more

than one reasonable interpretation, then the courts do not consider extrinsic evidence in interpreting the agreement. *Fiess*, 202 S.W.3d at 747; *Friendswood Dev. Co.*, 926 S.W.2d at 283.

The scheduling order does not expressly mention the expert report and curriculum vitae required by section 74.351. Accordingly, we must determine whether the expert reports it mentions include the section 74.351 report.

■■■ The scheduling order was a level 3 discovery schedule order required by rule 190.4. *See* TEX.R. CIV. P. 190.4. Rule 190.4 requires that the trial court "order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of the specific suit." *Id.* The rule permits the parties to "submit an agreed order to the court for its consideration." *Id.*

The provision at issue in the agreed scheduling order states, "Plaintiffs shall provide all information in accordance with Tex.R. Civ. P. 194 and 195 and shall provide a written report and CV for each retained testifying expert." Thus, pursuant to the agreed order, the expert reports subject to disclosure are those of retained testifying expert witnesses. *See* TEX.R. CIV. P. 194, 195. The expert report under section 74.351 does not have to be prepared by a testifying expert, nor does the expert have to be retained. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(k) (expert report cannot be used during the litigation procedure beyond the purposes of section 74.351), § 74.351(r)(5), (6) (definition of "expert" and "expert report").

Appellee relies on the introductory language to the provision at issue, "Plaintiff's Expert Witness *and* Report Deadline" (emphasis added). She argues that the phrase "Plaintiff's Expert Witness" refers to the deadlines under rules 194 and 195, and the words "Report Deadline" refers to

the deadline for a report under section 74.351. Appellee argues that the lack of language in rule 195 requiring the production of an expert report implies that the "Report Deadline" in the scheduling order was the report under section 74.351. We disagree. Under rule 195, the parties have the option of providing at the time of the designation of the expert under rule 194 "a report of the expert's factual observations, tests, supporting data, calculations, photographs, and opinions." If no report is produced at the time of designation, the party must make the expert available for deposition "reasonably promptly after the expert is designated." TEX.R. CIV. P. 195.3(a)(1). If the report is produced at the time of designation, then the expert does not have to be made available for deposition "until reasonably promptly after all other experts have been designated." TEX.R. CIV. P. 195.3(a)(2).

In this case, the parties agreed to require the production of the expert report at the time of designation, which is in accordance with rule 195.3(a). We disagree with appellee that the words "Report Deadline" were intended to apply to anything other than the expert witness's reports required by rules 194 and 195. This conclusion is supported by the fact that the order used identical language for appellants' deadline for designating expert witnesses and producing reports, yet appellants had no duty to serve an expert report under section 74.351.

After considering the scheduling order as a whole, we conclude it is not ambiguous and it was not intended to apply to the deadline for serving the expert report and curriculum vitae under section 74.351. "In short, the order was nothing more than the discovery control plan required by the rules of civil procedure." *Brock*, 215 S.W.3d at 929. Because the agreement is not susceptible to more than one reasonable interpretation, we do not consider extrinsic evidence of the parties' intent.

Appellee was required to serve appellants with an expert report and curriculum vitae within 120 days of filing suit; she failed to meet this requirement. Accordingly, appellants were entitled to dismissal of appellee's claims with prejudice and an award of their reasonable attorney's fees and court costs. We hold the trial court erred in denying appellants' motion under section 74.351(b). We sustain appellants' issue.

We reverse the trial court's order denying the motion to dismiss, we render judgment dismissing appellee's claims against appellants with prejudice to the refiling of the claims, and we remand the cause to the trial court for determination of appellants' reasonable attorney's fees and costs of court.