SPECTRUM HEALTHCARE RE-
SOURCES, INC., and Michael
Sims, Petitioners,

v.

Janice McDANIEL and Patrick
McDaniel, Respondents.

No. 07–0787.

Supreme Court of Texas.

Argued Sept. 11, 2008.

Decided March 12, 2010.

Richard Clark Harrist, Robert R. Biech-
lin, Jr., Thornton Biechlin Segrato Reyn-
olds Guerra, San Antonio, TX, for Petition-
ers.

Jeffrey C. Anderson, Jessica Leigh
Lambert, Law Offices of Jeffrey C.
Anderson, San Antonio, TX, for Respon-
dents.

Justice GREEN delivered the opinion of the Court, in which Justice HECHT, Justice WAINWRIGHT, Justice JOHNSON, Justice WILLETT, and Justice GUZMAN joined.

The Texas Medical Liability Act imposes a threshold requirement in a healthcare liability lawsuit for the plaintiff to serve an expert medical report on the defendant within 120 days of filing the claim, the purpose of which is to ensure that only meritorious lawsuits proceed by verifying, at the outset, that the plaintiff's allegations are medically well-founded. TEX. CIV. PRAC. & REM.CODE § 74.351(a); *see Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 876–77 (Tex. 2001). In this healthcare liability suit, the defendants moved to dismiss the case after the plaintiffs failed to serve their threshold expert report by the 120–day deadline. The plaintiffs argued that the deadline was extended by written agreement of the parties, in accordance with section 74.351(a) of the Texas Civil Practice and Remedies Code, in the form of the parties' agreed docket control order. After a hearing concerning the order's effect on the statutory deadline, the trial court granted the defendants' motion to dismiss. The court of appeals reversed, concluding that the docket control order was "an unambiguous agreement that extended the date for serving the section 74.351 expert report." 238 S.W.3d 788, 795 (Tex.App.-San Antonio 2007). The docket control order, however, made no mention of the section 74.351 expert report deadline. We hold that an agreement of the parties that is intended to extend the statutorily mandated 120–day expert report deadline must explicitly state that the agreement is for that purpose. An agreed docket control order that includes only a general discovery deadline for the production of expert reports is ineffective to extend the statute's specific threshold expert report requirement. We reverse the judgment of the court of appeals and reinstate the trial court's order dismissing the case.

**I**

According to the petition, Janice McDaniel's pelvis was broken while she was receiving physical therapy at Brooke Army Medical Center in San Antonio, Texas. In April 2004, Janice and Patrick McDaniel (collectively, McDaniel) filed a medical malpractice lawsuit against the United States of America, Spectrum Healthcare Resources, Inc., and therapist Michael Sims in the United States District Court for the Western District of Texas. McDaniel did not, however, serve an expert medical report within 120 days as required by section 74.351(a) of the Civil Practice and Remedies Code.[1] Sims and Spectrum (collectively, Spectrum) filed a motion to dismiss the case under section 74.351(b)(2), which mandates dismissal with prejudice when the plaintiff fails to comply with the threshold expert report requirement. McDaniel responded that the procedural, discovery-oriented, requirements of the Civil Practice and Remedies Code would not apply in federal court because the federal discovery rules operated to preempt the relevant state laws. *See generally* FED.R.CIV.P. 26. The federal district court agreed with McDaniel and denied Spectrum's motion to dismiss on that ground. In the same order, the federal court granted the United States' earlier-filed motion for summary judgment. With the United States no longer a defendant, the court dismissed the entire federal case as to the remaining defendants without prejudice in November

---

1. The parties also agreed to a scheduling or- der in the federal district court.

2004 for lack of original federal jurisdiction.[2]

In May 2005, thirteen months after filing the federal lawsuit, McDaniel refiled the lawsuit against Spectrum in state district court. The parties entered into an agreed docket control order that set deadlines for designating testifying experts and producing expert reports. The order also permitted broad discovery to proceed immediately despite the discovery limitations of chapter 74. After McDaniel failed to serve a section 74.351 expert report within 120 days of filing the state court claim, Spectrum again moved to dismiss the case. As in federal court, McDaniel responded that the parties had agreed to extend the deadline for serving expert reports, including the section 74.351 expert report, by way of the docket control order, and that McDaniel had timely complied by serving such an expert report on Spectrum before the deadline contained in the docket control order. After a hearing concerning the applicability of the docket control order to the section 74.351 deadline, the trial court granted Spectrum's motion to dismiss, implicitly rejecting McDaniel's contention that the docket control order extended the chapter 74 expert report deadline.[3] Sitting en banc, a divided court of appeals reversed the trial court's order of dismissal, holding that the agreed docket control order unambiguously expressed the parties' intent to replace the statutory deadlines for serving all expert reports, including those required by section 74.351. 238 S.W.3d at 795.

**II**

The docket control order reads as follows:

On this the 6th day of July, 2005, came to be heard, all parties to this cause of action who have agreed that the following dates of the Docket Control Order should be entered. It is, therefore, ORDERED, ·ADJUDGED and DECREED as follows:

1. Plaintiffs will designate all expert witnesses that they intend to call at the trial of this case, live or by deposition, and shall provide a written report and curriculum vitae of all retained experts in this case on or before *January 11, 2006;*

2. Defendant is to designate all expert witnesses it intends to call at the trial of this case, live or by deposition, and shall provide a written report and curriculum vitae of all retained experts in this case on or before *February 24, 2006;*

3. If the Court finds that this case is appropriate for alternate dispute resolution, mediation will be completed on or before *April 6, 2006,* with a mediator mutually agreeable to and selected by the parties;

4. Deadline for completion of discovery in this case and for filing dispositive motions shall be on or before *April 21, 2006;* and

5. This case is specially set for trial on *May 22, 2006.*

2. McDaniel argued, alternatively to the federal preemption argument, that even if chapter 74 did apply, the parties' agreed scheduling order operated to extend the chapter 74 deadlines. Because the federal court found the preemption issue dispositive and found chapter 74 deadlines not to apply at all, it did not address whether its standard scheduling order extended the deadline or not. *See*

*McDaniel v. United States,* No. 04–CA–0314, 2004 WL 2616305, at *10 (W.D.Tex. Nov. 16, 2004).

3. The trial judge who signed the order of dismissal was not the same trial judge who signed the docket control order. *See* BEXAR COUNTY (TEX) CIV. DIST CT LOC R. 3 (regulating non-jury matters before a presiding court).

It is further ORDERED to the extent these deadlines may be in conflict with deadlines set by rule or statute, the deadlines established by this Docket Control Order shall take precedence.

It is further ORDERED that the parties shall conduct discovery as soon as practicable, notwithstanding the limiting provisions found· in Chapter 74 of the Texas Civil Practices and Remedies Code.

It is further, ORDERED that the above-stated deadlines shall not be changed or modified except upon written agreement of all parties or by order of this Court upon a showing of good cause.

McDaniel maintains that this docket control order contains the written agreement of the parties to extend the chapter 74 threshold expert medical report deadline. First, McDaniel says paragraph one imposes a deadline to do only two things: (1) designate testifying experts, and (2) provide written reports of all retained experts. McDaniel says that because an expert who prepares a chapter 74 medical report is a "retained expert," the paragraph necessarily must include that species of report. Second, McDaniel argues that to the extent the new deadline for serving the expert report is in conflict with the deadline mandated in chapter 74, the docket control order specifically takes precedence over any other deadline set by rule or statute. Finally, McDaniel urges that the order expressly permits the parties to conduct discovery despite the provisions of chapter 74 that would otherwise severely limit discovery until after the expert report is served. McDaniel claims this provision makes it clear that the parties were aware of the chapter 74 limitations and requirements and agreed to waive those procedures.

Spectrum, on the other hand, argues that the docket control order is no more than a generic discovery order that cannot be reasonably construed as a written agreement to extend the date for serving the section 74.351 threshold expert medical report. Spectrum points out that the order makes no reference to chapter 74 expert reports and does not mention the 120–day deadline, such that it is not really about chapter 74 expert reports at all. Spectrum says the order is instead a fairly typical docket control order that includes matters that would ordinarily be found in such an order, like deadlines for completion of discovery and filing dispositive motions, and providing a trial setting. And also, like most docket control orders, it sets a deadline for the parties to designate their respective testifying experts and produce any reports that might have been generated by those testifying experts. Spectrum argues that the phrase "expert witnesses that they intend to call at the trial" in the first paragraph of the order defines the category of "retained experts" whose reports are to be produced, and can only mean testifying experts. Spectrum says the phrase cannot mean, as McDaniel suggests, that all retained expert reports must be produced by the stated deadline because reports of non-testifying consulting experts are not generally discoverable. Moreover, Spectrum contends that paragraph one cannot possibly include chapter 74 reports because paragraph two of the order uses identical text directing the defendant to serve its expert reports by a deadline and, of course, defendants are under no obligation to serve reports on plaintiffs under chapter 74. Lastly, Spectrum notes that McDaniel was well aware of this issue, having litigated it in federal court on a motion to dismiss, and could have avoided the same issue in state court by using explicit language.

We must decide whether a generic docket control order in a healthcare liability lawsuit that makes no reference to the section 74.351 threshold expert report requirement, but which establishes deadlines for the parties to produce reports of all "retained experts," establishes the intent of the parties to extend the statutory expert medical report deadline.[4] We hold that it does not.

## III

■■■ We recognize, as did the court of appeals, that the statute itself does not require the express mention of section 74.351 threshold expert reports in parties' written agreements. *See* Tex. Civ. Prac. & Rem.Code § 74.351(a) ("The date for serving the report may be extended by written agreement of the affected parties."). However, we believe that several considerations compel the conclusion that an agreed docket control order must explicitly reference section 74.351 threshold expert reports if the order is to constitute an agreement to extend that deadline.

First, a section 74.351 threshold expert report has a unique purpose separate and apart from the procedural rules relating to discovery and typical expert reports. The Legislature created the threshold report requirement as a substantive hurdle for frivolous medical liability suits before litigation gets underway. *See* Tex. Civ. Prac. & Rem.Code § 74.351(s) (staying all discovery, with few exceptions, until service of the threshold expert report); *Palacios,* 46 S.W.3d at 877 ("[E]liciting an expert's opinions early in the litigation [is] an obvious place to start in attempting to reduce frivolous lawsuits."). In recognition of their distinct role, threshold medical re-

ports are treated differently from ordinary expert reports. One example of this distinct treatment is that a defendant may not use or even refer to the report for any purpose unless it is first used by the plaintiff. *See* Tex. Civ. Prac. & Rem.Code § 74.351(k), (t). Construing docket control orders as establishing a deadline for serving a section 74.351 expert medical report in the same way as any testifying expert report, in the absence of any reference to section 74.351's requirements, would eviscerate the statutory purpose of treating the threshold expert report differently. Accordingly, if parties intend to extend the 120–day deadline for a threshold expert report, the parties' agreed order must make a clear acknowledgment of their intent to do so.

Second, the interplay between docket control orders and the Texas Rules of Civil Procedure governing the required disclosure or protection from disclosure of certain experts and their reports demonstrates that it is extremely difficult to enter into a docket control order that would extend the section 74.351 threshold report deadline in the absence of an explicit reference to that specific deadline. *See generally* Tex.R. Civ. P. 192.7(c), (d). McDaniel contends that chapter 74 experts are generally "retained experts" whose reports would be disclosed under the language of a boilerplate docket control order such as the one at issue in this case. But this overlooks the fact that there is a difference between retained testifying experts and retained consulting-only experts. *See* Tex.R. Civ. P. 192.3(e). Under the Texas Rules of Civil Procedure, a retained testifying expert's report is always discoverable, but a retained consulting-only ex-

---

4. Spectrum raises no issue about whether the expert report produced by McDaniel is sufficient to meet the requirements of a section 74.351 expert medical report, and we express no opinion in that regard. We assume without deciding that the report is sufficient to satisfy the statute.

pert's report generally is not. *Id.; see also* Tex.R. Civ. P. 195 cmt. 1 ("Information concerning purely consulting experts, of course, is not discoverable."). Section 74.351 makes clear that threshold expert reports fall into neither category. Such reports must be produced to the defendant, but generally they are not admissible and cannot be used in trial or any other proceeding. Tex. Civ. Prac. & Rem.Code § 74.351(k); *but see id.* § 74.351(t) (providing an exception allowing defendant's use if plaintiff uses a threshold expert report first). Thus, an agreed order referring to "all retained experts" can be reasonably read to apply only to those retained experts whose reports are discoverable; i.e., testifying experts. Because not all retained expert reports are discoverable, a generic docket control order setting a deadline for production of "retained expert" reports must be more specific when purporting to extend the deadline to produce section 74.351 threshold expert reports.

Lastly, the ubiquity of agreed docket control orders militates the adoption of a simple standard for extending the threshold expert report deadline that litigants can easily meet and courts can readily apply. Agreed docket control orders are routinely used in Texas trial courts to allow parties to manage discovery, provide deadlines for dispositive motions, and set a conference or trial date, especially in medical malpractice suits. *See* Tex.R. Civ. P. 190.4. To require courts to scrutinize agreed docket control orders or gather additional evidence of the parties' intent to extend chapter 74's threshold expert report deadline along with the suit's unrelated discovery deadlines is impractical. It

defeats the purpose of permitting the parties to agree to an order in the first place.

## IV

We hold that when parties use an agreed order to extend the section 74.351 threshold expert report deadline, the order must explicitly indicate the parties' intention to extend the deadline and reference that specific deadline. Otherwise, the agreed order is ineffective to extend the section 74.351 deadline.[5] Because the agreed docket control order in this case did not explicitly reference and include the statutory threshold expert medical report deadline when extending McDaniel's deadline for designating testifying experts and producing expert reports, as a matter of law the order did not extend that deadline. We therefore reverse the court of appeals' judgment and reinstate the trial court's judgment of dismissal.

Chief Justice JEFFERSON, joined by Justice O'NEILL and Justice MEDINA, dissenting.

Chief Justice JEFFERSON, joined by Justice O'NEILL and Justice MEDINA, dissenting.

It is, therefore, ORDERED, ADJUDGED and DECREED as follows:

1. Plaintiffs will designate all expert witnesses that they intend to call at the trial . . ., and shall provide a written report and curriculum vitae of all retained experts in this case on or before *January 11, 2006;*

. . . .

It is further *ORDERED to the extent these deadlines may be in conflict with deadlines set by rule or statute, the*

---

5. Though only an agreed docket control order is presented in this case, we note that the considerations expressed above would apply equally, and thus require explicit reference to the threshold expert report deadline, in the context of other written agreements to extend the section 74.351 deadline.

*deadlines established by this Docket Control Order shall take precedence.*

It is further ORDERED that the parties shall conduct discovery as soon as practicable, notwithstanding the limiting provisions found in Chapter 74 of the Texas Civil Practices and Remedies Code.

This is the order announcing the date by which McDaniel was required to serve her medical expert report, *irrespective of any statutory deadline.* Had she known that following the trial court's order would lead to dismissal of her claim, she could have taken steps to preserve her rights. Instead, having complied with the order, she now finds herself without recourse because "[a]n agreed docket control order that includes only a general discovery deadline for the production of expert reports is ineffective to extend the statute's specific threshold expert report requirement." 306 S.W.3d at 250. I accept the value of the Court's bright-line rule, but I disagree with applying it to McDaniel's claim. I would apply today's decision prospectively, making it inapplicable to McDaniel or others who complied with trial court orders

that altered the statutory deadline in healthcare liability suits. *See Chevron Oil Co. v. Huson,* 404 U.S. 97, 105–09, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971);[1] *see also James B. Beam Distilling Co. v. Georgia,* 501 U.S. 529, 536, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991) (plurality opinion) (defining pure prospectivity); *Crowe v. Bolduc,* 365 F.3d 86, 93 (1st Cir.2004) ("A court in a civil case may apply a decision purely prospectively, binding neither the parties before it nor similarly situated parties in other pending cases....").

This approach makes sense because, before today, litigants were operating under the expectation that the only requirement for extending the Chapter 74 deadline was a "written agreement," much like the agreed docket control order in this case. *See* TEX. CIV. PRAC. & REM.CODE § 74.351(a) (failing to mandate a specific format or to require a specific reference to section 74.351). Thus, today's decision involves an issue of first impression whose resolution was not clearly foreshadowed (and on which our courts of appeals are in conflict).[2] Retroactive application of the

---

**1.** The United States Supreme Court in *Harper v. Virginia Department of Taxation,* 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) and *James B. Beam Distilling Co. v. Georgia,* 501 U.S. 529, 543, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991) (plurality opinion), rejected a modified prospectivity approach—when a court "appl[ies] a new rule in the case in which it is pronounced, [but] then return[s] to the old one with respect to all others arising on facts predating the pronouncement." *Beam,* 501 U.S. at 537, 111 S.Ct. 2439; *see also Sw. Bell Tel. Co., L.P. v. Mitchell,* 276 S.W.3d 443, 450–52 (Tex.2008) (Jefferson, C.J., dissenting) (rejecting modified prospectivity in a statutory construction case). The Supreme Court's approach to pure prospectivity remains to be seen. *See Harper,* 509 U.S. at 115, 113 S.Ct. 2510 (O'Connor, J., dissenting) ("[N]o decision of this Court forecloses the possibility of pure prospectivity."); *Beam,* 501 U.S. at 544, 111 S.Ct. 2439 ("We do not speculate as to the bounds or propriety

of pure prospectivity."); *see also Educ. Credit Mgmt. Corp. v. Mersmann,* 505 F.3d 1033, 1051–52 (10th Cir.2007); *Crowe v. Bolduc,* 365 F.3d 86, 93–94 (1st Cir.2004); *Toms v. Taft,* 338 F.3d 519, 529 (6th Cir.2003); *Glazner v. Glazner,* 347 F.3d 1212, 1216–19 (11th Cir.2003); *Holt v. Shalala,* 35 F.3d 376, 380 n. 3 (9th Cir.1994). And, states are free to limit the retroactive operation of their own interpretations of state law. *Harper,* 509 U.S. at 100, 113 S.Ct. 2510; *Am. Trucking Ass'ns, Inc. v. Smith,* 496 U.S. 167, 177, 110 S.Ct. 2323, 110 L.Ed.2d 148 (1990) (plurality opinion).

**2.** *See, e.g., Shelton v. Univ. of Tex. Med. Branch at Galveston,* No. 14–07–00994–CV, 2009 WL 997480, at *4–6, 2009 Tex.App. LEXIS 2543, at *12–*16 (Tex.App.-Houston [14th Dist.] Apr. 14, 2009, pet. filed) (mem. op.); *Lim v. West,* No. 01–08–00469–CV, 2008 WL 4670991, at *1–2, 2008 Tex.App. LEXIS

Court's rule will produce substantial inequitable results. *Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 4–5 (Tex.1999). To avoid that injustice, *see Chevron Oil*, 404 U.S. at 107–08, 92 S.Ct. 349, I would hold that the Court's decision is applicable "to all conduct occurring after the date of [this] decision," *Beam*, 501 U.S. at 536, 111 S.Ct. 2439.

I would affirm the court of appeals' judgment. Because the Court does otherwise, I respectfully dissent.

8065, at \*3–\*6 (Tex.App.-Houston [1st Dist.] Oct. 23, 2008, pet. denied) (mem.op.); *Care Ctr., Ltd. v. Sutton*, No. 09–07–469–CV, 2008 WL 1745862, at \*2–4, 2008 Tex.App. LEXIS 2743, at \*6–\*12 (Tex.App.-Beaumont Apr.17, 2008, pet. filed) (mem.op.); *King v. Cirillo*, 233 S.W.3d 437, 440–41 (Tex.App.-Dallas 2007, pet. filed); *Lal v. Harris Methodist Fort Worth*, 230 S.W.3d 468, 474–76 (Tex.App.-Fort Worth 2007, no pet.); *Brock v. Sutker*, 215 S.W.3d 927, 929 (Tex.App.-Dallas 2007, no pet.); *Rugama v. Escobar*, No. 04–05–00764–CV, 2006 WL 923701, at \*2–3, 2006 Tex.App. LEXIS 2697, at \*6–\*8 (Tex.App.-San Antonio Apr. 5, 2006, no pet.) (mem.op.); *Hall v. Mieler*, 177 S.W.3d 278, 281–82 (Tex.App.-Houston [1st Dist.] 2005, no pet.); *Olveda v. Sepulveda*, 141 S.W.3d 679, 683–84 (Tex.App.-San Antonio 2004, pet. denied); *CIGNA Healthcare of Tex., Inc. v. Pybas*, 127 S.W.3d 400, 408 (Tex.App.-Dallas 2004), *judgm't vacated & case dism'd pursuant to settlement*, 2004 WL 585008, 2004 Tex.App. LEXIS 2666 (Tex.App.-Dallas Mar. 25, 2004, no pet.) (mem.op.); *Tesch v. Stroud*, 28 S.W.3d 782, 787–89 (Tex.App.-Corpus Christi 2000, pet. denied); *Finley v. Steenkamp*, 19 S.W.3d 533, 539–40 (Tex.App.-Fort Worth 2000, no pet.).