In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00002-CV**
_____


**IN RE UNITED PARCEL SERVICE, INC.**

_____

**Original Proceeding**
**60th District Court of Jefferson County, Texas**
**Trial Cause No. B-198,731**
_____

**MEMORANDUM OPINION**

In this mandamus proceeding, we consider whether the trial court clearly

abused its discretion when it denied the request of United Parcel Service, Inc. (UPS)

to designate the Texas Department of Transportation (TxDOT), Crabtree Barricade

Systems, Inc. (Crabtree), and Hayward Baker, Inc. (Hayward), as "responsible third

parties"[1] in a suit involving a collision between three vehicles, one of which was a

---

[1] The Civil Practice and Remedies Code defines a "responsible third party" as "any person who is alleged to have caused or contributed to cause in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." Tex. Civ. Prac. & Rem. Code Ann. § 33.011(6) (West 2015).

1

UPS truck. UPS filed its request to designate responsible third parties more than sixty days before the date the case was set for trial. However, the trial court ruled that UPS's request was untimely, since the trial court had signed a pretrial scheduling order requiring third parties to be designated by June 2017 even though the case is not currently scheduled to be tried until April 2018. The Civil Practice and Remedies Code allows a party to designate a responsible third party if its motion for leave is filed on or before the sixtieth day before trial. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.002(a)(1) (West 2015) (stating that Chapter 33 applies to causes of action based on tort); *id.* § 33.004(a) (West 2015) (establishing a 60 day before trial requirement for motions to designate responsible third parties). Because requirements the trial court imposed on the parties for designating responsible third parties represents a substantial deviation from the designation period allowed by statute, because UPS's request was timely under section 33.004, and because UPS filed its request more than seven months before the date the case is currently scheduled to be tried, we conditionally grant UPS's petition and direct the trial court to withdraw its order denying UPS's motion. *See id*. § 33.004 (West 2015).

## Background

The pleadings that were filed in the trial court indicate that in June 2016, several vehicles were travelling in the southbound lane on U.S. Highway 69 when they were involved in a chain-reaction, rear-end collision. The accident apparently

2

occurred in a location suffering from traffic congestion due to a TxDOT lane closure. The Plaintiff's Original Petition alleges that the collision occurred because UPS's driver "was travelling at an unreasonable speed, failing to keep a proper lookout, failing to keep a reasonable distance between his [truck] and [the car in front of him], and otherwise failing to operate his vehicle [in] a safe and reasonable manner[.]" Anna Van Hook, who was driving the lead car that was involved in the collision, sued UPS and its driver alleging that the UPS driver's negligence caused the collision. James Kaiser, who was a passenger in the middle car, which is the car that UPS's truck hit first, allegedly died from the injuries he suffered in the collision. Kaiser's mother, wife, and minor daughter filed petitions to intervene in Van Hook's suit, asserting wrongful death and survival claims against UPS and its driver.

Van Hook filed her original petition in July 2016. Kaiser's mother filed her petition in intervention in November 2016, and Kaiser's wife and minor daughter filed theirs in January 2017. In May 2017, the trial court signed a docket control order over objections to the schedule by UPS. Among other things, the court's docket control order required the parties to join or designate responsible third parties by June 2, 2017.[2] The May docket control order set the case for trial in December

---

[2] With respect to the designation of responsible third parties, the docket control order states:

2017. Before the trial court signed the order, UPS filed written objections to the schedule contemplated by the order, arguing that discovery was in its early stages, and that it was pursuing discovery regarding "third parties believed to be involved in the roadway's lane closure planning, set-up, and management."

On June 2, 2017, the last day for adding third-party defendants under the May docket control order, UPS filed a third-party petition naming TxDOT, Crabtree, and Hayward as third-party defendants in the suit. However, their third-party petition did not also name the third-party defendants as responsible third parties in the suit. UPS's third-party petition alleged that based on the manner the third-party defendants handled the closure of one of the southbound lanes, southbound motorists on Highway 69 were given "insufficient visibility of the impending lane closure."

On October 3, 2017, more than sixty days before the date that was at that time the date the case was scheduled for the trial, UPS filed a motion seeking leave to designate TxDOT, Crabtree, and Hayward as responsible third parties. The motion includes factual allegations in support of designating TxDOT, Crabtree, and

---

All other parties (including any responsible third parties) shall be joined or designated by [June 2, 2017]. Any party joining a new party shall provide that party or its attorney with a copy of this Order within seven (7) days of the new party filing its first responsive pleading. Any objections to any part of this Order by any such new party shall be made within fourteen (14) days of the new party filing its first responsive pleading.

4

Hayward as responsible third parties. UPS's driver joined UPS's motion to designate these entities as responsible third parties. On the same day that UPS filed its motion seeking to designate responsible third parties, UPS nonsuited its third-party claims against Crabtree and Hayward.

In October 2017, the trial court signed a new docket control order, which vacated the December 2017 trial setting. The trial court, in its October docket control order, extended several of the discovery deadlines that it had imposed in its May docket control order. And, while the December docket control order did not provide the parties with an expected date for trial, the trial court retained its June 2017 deadline, a deadline that head already passed, for designating responsible third parties.

Nine days after UPS filed its motion to designate responsible third parties, the Kaisers and Van Hook objected to its motion. Their objections noted that UPS's request was untimely because it was filed after the June 2017 deadline in the May 2017 docket control order. They argued that the continuance from the previously scheduled trial did not invalidate all of the other deadlines established in the May docket control order since the October 2017 docket control order retained the June 2017 deadline for designating responsible third parties. Additionally, they suggested that UPS and its driver could not designate TxDOT, Crabtree, and Hayward as

5

responsible third parties because they had earlier joined the entities in the suit as third-party defendants.

In response to the plaintiff's and intervenors' written objections, UPS notified the trial court that section 33.004 of the Civil Practice and Remedies Code required the court to grant their request to name TxDOT, Crabtree, and Hayward as responsible third parties because no party had objected to their request to join them within fifteen days of the date it had served its motion on any of the statutory grounds that would allow the trial court to deny its motion. *See id.* § 33.004(f) ("A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served."); *id.* § 33.004(a) (requiring court to grant leave for joining responsible third parties unless the objecting party establishes that the facts alleged in the motion to designate pleads insufficient facts). Additionally, UPS and its driver argued in their written response that the trial court did not have the authority to modify the deadlines found in section 33.004 through a docket control order. The trial court conducted a hearing on the matter in mid-October 2017, but it did not issue a ruling at that time.

In December 2017, UPS and its driver filed a motion requesting that the trial court issue a ruling on their motions to designate TxDOT, Crabtree, and Hayward as responsible third parties. That same month, the trial court signed a third docket

6

control order, and its December docket control order set the case for trial in April 2018. The trial court's December docket control order imposed several new deadlines for the filing of dispositive motions and motions relating to expert witnesses. However, the trial court retained all other deadlines that it had not expressly altered. In mid-December 2017, the trial court signed an order sustaining the plaintiff and intervenors' objections to the motions filed by UPS and its driver asking the court for leave to designate responsible third parties. The court also denied UPS's and its driver's motion for leave to designate responsible third parties.

On January 3, 2018, UPS sought mandamus relief in this Court from the trial court's rulings refusing to allow it to designate TxDOT, Crabtree, and Hayward as responsible third parties. Subsequently, UPS's driver joined UPS's petition seeking mandamus relief.

Arguments

In its petition seeking mandamus relief, UPS complains the trial court clearly abused its discretion by accelerating the sixty-day deadline for designating responsible third parties, a deadline that is found in section 33.004 of the Civil Practice and Remedies Code. UPS contends the trial court was without authority to alter the statutory deadline. Alternatively, it suggests that if the trial court had the authority to alter the statutory deadline, the trial court abused its discretion by denying its motion to designate TxDOT, Crabtree, and Hayward as responsible third

7

parties since it filed its request approximately six months before the date of the April 2018 trial. Additionally, the circumstances in this record show that UPS objected to the accelerated deadlines in the original May 2017 docket control order, and that it filed a motion for leave to designate TxDOT, Crabtree, and Hayward as responsible third parties more than sixty days before the date the case was scheduled for trial.

The Kaisers and Van Hook argue that the trial court did not abuse its discretion by denying UPS's request because trial courts are authorized to establish and enforce the deadlines established by their docket control orders. They contend that UPS, by its inaction, waived its objections to the June 2017 deadline for designating responsible third parties, that it forfeited its right to designate TxDOT, Crabtree, and Hayward as responsible third parties by naming them in the suit as third-party defendants, and that the objection that UPS filed to the May docket control order failed to include an objection that the proposed schedule was in conflict with the sixty-day statutory deadline. Additionally, they claim that good cause does not exist to permit UPS to file their designation after June 2, 2017, the deadline established by the May 2017 docket control order.

Analysis

To prevail on its petition, UPS, as the relator in this proceeding, must demonstrate that the trial court clearly abused its discretion and that it has no adequate remedy through an appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d

8

124, 135-36 (Tex. 2004) (orig. proceeding). An abuse of discretion occurs if the trial court is shown to have failed to analyze or apply the law correctly. *In re Sw. Bell Tel. Co.*, *L.P.*, 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding). "[O]rdinarily, a relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a trial court's denial of a timely-filed section 33.004(a) motion." *In re Coppola*, No. 16-0723, 2017 WL 6390965, at *3 (Tex. Dec. 15, 2017) (orig. proceeding).

The procedure for designating responsible third parties in tort actions is a procedure the Legislature established by statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004. The procedure requires: "A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." *Id.* § 33.004(a). "The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." *Id.* The statute also imposes a duty on the trial court, as it also provides: "A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served." *Id.* § 33.004(f); *see also* Tex. Gov't Code Ann. § 311.016 (West 2013) (under the Code Construction Act, using the word "shall" in a statute imposes a duty).

Additionally, the grounds upon which an objection may be sustained to a party's request to designate a responsible third party are limited by statute. Tex. Civ. Prac. & Rem. Code Ann. § 33.004(g).[3] Under the statute, the objection to the designation must be one that was timely filed; the objecting party must establish that the party seeking to designate the responsible third party failed to plead sufficient facts about the responsible third party's liability to satisfy the pleading requirements that are in the Texas Rules of Civil Procedure; and the party seeking to designate the responsible third party must be shown to have failed to plead sufficient facts after the trial court gave that party an opportunity to cure the deficiencies the trial court found existed in the party's pleadings. *Id.*

The Kaisers and Van Hook argue that a trial court's docket control order provides the guiding rule on designating responsible third parties, and that it controls over the sixty-day pretrial deadline found in section 33.004(a). *Id.* § 33.004(a). UPS argues a trial court cannot abrogate a Legislative enactment and limit a defendant's substantive rights by accelerating a defendant's deadline for designating responsible third parties through a docket control order. Under circumstances that show the trial court unreasonably shortened the deadline over objection, continued the case and

---

[3] Other provisions exist in section 33.004 that might affect designations of responsible third parties, but those provisions are not at issue here. *See, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 33.004(d) (West 2015) (concerning designating responsible third parties after the statute of limitations has expired).

altered other deadlines in the docket control order, and acted unreasonably by arbitrarily enforcing one deadline while freely altering others, we need not decide whether trial courts have the right to lengthen the sixty-day-before-trial deadline found in section 33.004(a). *Id.*

Generally, when a rule of procedure conflicts with a statute, the statute prevails. *Univ. of Tex. Health Sci. Ctr. at Houston v. Rios*, No. 16-0836, 2017 WL 6396028, at *6 (Tex. Dec. 15, 2017). And, while the Rules of Civil Procedure authorize trial courts to enter docket control orders, nothing in Rule 166 purports to allow trial courts to wholly disregard time limits that are established by statute without substantial cause for doing so. *See* Tex. R. Civ. P. 166.

In this case, given the fact that the case was continued for a five-month period after the trial court entered its original docket control order, section 33.004(a) of the Civil Practice and Remedies Code established the guiding rule and principle that the trial court should have followed in deciding whether UPS's motion to designate responsible third parties was timely. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004(a). By requiring UPS and its driver to designate responsible third parties approximately six months before the initially scheduled trial, a period approximately three times the statutorily proscribed sixty-day period, the trial court abused its discretion. *See id.*

We also conclude that UPS did not waive its right to designate responsible third parties through inaction. Generally, "waiver" consists of the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *See Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003). In the context of extending the statutory deadline for delivering an expert report in a health care liability suit, the Texas Supreme Court held that an agreement to extend a statutory deadline in a docket control order must explicitly indicate the parties' intention to extend the deadline and reference that specific deadline. *See Spectrum Healthcare Res., Inc. v. McDaniel*, 306 S.W.3d 249, 254 (Tex. 2010).[4] In this case, neither UPS nor its driver were shown to have expressly agreed to waive the statutory rights they had under section 33.004(a) to designate third parties within the framework of the sixty-day statutory deadline. Tex. Civ. Prac. & Rem. Code Ann. § 33.004(a).

Section 33.004 of the Civil Practice and Remedies Code also imposes a mandatory duty requiring a court to grant a motion for leave to designate responsible third parties if the request is filed at least sixty days before the trial date. *See id.* § 33.004(a). When the Kaisers proposed a discovery control plan with a June 2017 deadline for joining parties and a December 2017 trial date, UPS complained that

---

[4] The statute at issue in *McDaniel* provided that the date for serving the report may be extended by written agreement of the affected parties. *Spectrum Healthcare Res., Inc. v. McDaniel*, 306 S.W.3d 249, 253 (Tex. 2010).

the proposed discovery schedule unrealistically condensed the timeline required for the discovery needed in the case. In the response that UPS filed to the Kaisers' proposed discovery plan, UPS noted that it had discovery that had not yet been answered that it needed in order to evaluate the potential liability of additional parties and responsible third parties that might be at fault. Moreover, UPS filed its motion for leave to designate responsible third parties before the statutory deadline, and filed its request at a time when the trial court was in a position to correct an ambitious docket control order that created a number of deadlines the parties ultimately failed to meet. *Id*. § 33.004. We conclude that UPS's conduct was not inconsistent with its rights under Chapter 33, Subchapter A, of the Civil Practice and Remedies Code. *See id*. § 33.001-.004 (West 2015).

The decision UPS made to join and then dismiss Crabtree and Hayward as third-party defendants is also not conduct that foreclosed its rights to designate responsible third parties. Nonsuiting a party to a lawsuit is litigation conduct that is expressly allowed by Rules 162 and 163 of the Texas Rules of Civil Procedure, unless it is shown that their dismissal will prejudice a party to the suit. Tex. R. Civ. P. 162, 163. The record does not show that the Kaisers or Van Hook objected to UPS's notice nonsuiting Crabtree or Hayward, and the Kaisers and Van Hook have not shown how they were prejudiced by the dismissal of these two parties.

13

Additionally, the trial court's docket control order did not limit the rights that parties have to freely nonsuit other parties that have been joined in the suit.

In conclusion, the record reflects that when the trial court altered its December 2017 docket control order and continued the originally scheduled date for the trial, it should have established a new deadline allowing additional time for designating responsible third parties. The trial court's decision refusing UPS's and its driver's request for leave to designate responsible third parties when the court freely amended other deadlines was arbitrary, and constituted a clear abuse of discretion given the statutory deadline in section 33.004 of the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 33.004(a). Under the circumstances shown by this record, we hold the trial court clearly abused its discretion by denying the motion UPS filed for leave to designate TxDOT, Crabtree, and Hayward as responsible third parties. We further hold that UPS does not have an adequate remedy by appeal from the trial court's error. *See Coppola*, 2017 WL 6390965, at *3. UPS's driver is also entitled to mandamus relief.

We are confident that the trial court will vacate its order of December 15, 2017, and grant the requests of UPS and its driver seeking leave of court to designate responsible third parties. The writ will not issue unless the trial court fails to act in accordance with the Court's opinion. The motion that UPS filed seeking an order from this Court staying the proceedings in the trial court is denied, as it is now moot.

14

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on January 18, 2018
Opinion Delivered February 8, 2018

Before Kreger, Horton and Johnson, JJ.