**Sarah SALAZAR, Appellant,**

v.

**NATCO, INC. d/b/a Giorgio's of San Antonio, Appellee.**

**No. 04–99–00450–CV.**

Court of Appeals of Texas, San Antonio.

June 13, 2001.

S.W.2d at 303 (noting other legal remedy may be available for such complaints).

Forrest N. Welmaker, Jr., Welmaker Law Firm, P.C., San Antonio, for Appellant.

John C. Cave, Sparr & Associates, Inc., San Antonio, for Appellee.

Sitting: RICKHOFF, LÓPEZ, GREEN, Justices.

## OPINION

RICKHOFF, Justice.

Appellant, Sarah Salazar, appeals from a summary judgment rendered in favor of appellee, NATCO, Inc. d/b/a Giorgio's of S.A. ("Giorgio's"). In this appeal, we are asked to determine whether Texas Civil Practice and Remedies Code section 86.002 bars Salazar's Dram Shop Act claims against her employer, Giorgio's, because Salazar was convicted of a misdemeanor. Finding that her claims are not barred, we reverse the summary judgment.

## BACKGROUND

Salazar worked as a dancer at Giorgio's, a club in San Antonio. On April 21, 1998, she worked the 7:00 p.m. to 2:00 a.m. shift and, during that time, consumed enough alcohol to become intoxicated. Dancers at Giorgio's were encouraged, but not required, to drink with customers. Driving home from work, she crashed into a telephone pole and sustained multiple injuries to her face and right shoulder. Her blood alcohol level registered at .18, and she subsequently pled nolo contendere to the misdemeanor offense of driving while intoxicated ("DWI"). She was fined and placed on probation.

Salazar sued Giorgio's for damages due to negligence, negligence per se, gross negligence, and violating Texas Alcohol and Beverage Code section 2.02 [1] for serving alcohol to her while she was intoxicated, which caused her injuries. Giorgio's generally denied the allegations and raised as affirmative defenses that Salazar's own negligence was the sole proximate cause of her injuries, the incident was unavoidable, her exclusive remedy lay in section 2.02, and her recovery was barred under Section 86.002(a) by her misdemeanor conviction. The trial court granted Giorgio's summary judgment on the ground that Section 86.002 barred Salazar's recovery.

## DISCUSSION

Section 86.002, entitled "Recovery of Damages for Injury to Convicted Person Prohibited," provides as follows:

(a) A claimant who has been convicted of a felony or misdemeanor may not

1. "Providing, selling, or serving an alcoholic beverage may be made the basis of a statutory cause of action under this chapter and may be made the basis of a revocation proceeding under Section 6.01(b) of this code upon proof that: ... (1) at the time the provision occurred it was apparent to the provider that the individual being sold, served, or provided with an alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger to himself and others; and ... (2) the intoxication of the recipient of the alcoholic beverage was a proximate cause of the damages suffered." TEX.ALCO.BEV.CODE ANN. § 2.02 (Vernon 1995) ("the Dram Shop Act").

recover damages for an injury sustained during the commission of the felony or misdemeanor if the injury would not have been sustained but for the commission of the felony or misdemeanor.

(b) Subsection (a) does not bar the claimant from recovering damages if the claimant shows that:

(1) the damages arose from an act entirely separate from any act intended to result in the:

(A) prevention of the commission of a felony or misdemeanor by the claimant; or

(B) apprehension of the claimant during or immediately after the commission of the felony or misdemeanor; and

(2) the damages did not arise from a premises defect or other circumstance that the claimant was exposed to as a result of the commission of the felony or misdemeanor.

TEX.CIV.PRAC. & REM.CODE § 86.002 (Vernon Supp.2000).

Giorgio's argues that Salazar's claims are barred under subsection (a), because she was convicted of a misdemeanor and her injuries were sustained during the commission of that misdemeanor. Salazar argues her claims are not barred because her claims fall within the exception provided under subsection (b). Salazar contends her injuries arose from an act entirely separate from her misdemeanor—Giorgio's continuing to serve her alcohol even though she was clearly intoxicated, to the extent that she presented a danger to herself and others. Salazar also argues that the Legislature did not intend to provide a right of recovery under the Dram Shop Act, only to take away that right under Section 86.002(a). Our research reveals no case law considering the interplay between the Dram Shop Act and Section 86.002. However, because we conclude that Section 86.002 was not designed to apply to

the facts of this case, Salazar's Dram Shop Act claim is not barred by Section 86.002.

When paragraphs (a) and (b) of Section 86.002 are read together, as they should be, it is apparent that the bar to recovery was intended to apply only to those criminal wrongdoers who are injured by third parties who caused injury while attempting to prevent the commission of the crime, or while attempting to apprehend the wrongdoer during or immediately after the commission of the crime. *Id.* Although Salazar's injury probably would not have occurred but for her own act of driving while intoxicated, she was not injured by someone in the course of attempting to stop her from driving while intoxicated or attempting to apprehend her, and the damages did not arise from a premise defect or other circumstance to which she was exposed while driving while intoxicated. Accordingly, her claim falls within the exception to the statute.

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

LÓPEZ, J., filed a concurring opinion.

LÓPEZ, Justice, concurring.

The majority reaches the correct result and I join in the panel's opinion. However, there is an additional reason why this summary judgment should be reversed. NATCO moved for summary judgment, arguing that Salazar could not recover because she sustained her injuries during the commission of a crime—driving while intoxicated (DWI). NATCO relied on subsection (a) of section 86.001 of the Texas Practices and Remedies Code. Salazar responded, arguing that subsection (b) of the section created an exception to subsection (a) and that her claim fell within the exception. Albeit an oddly-worded provision,

Salazar is correct: as written, subsection (b) creates an exception.

Ordinarily, a court need not reach the question of legislative intent when interpreting the meaning of the statute. Where the language of the statute is clear, a court can simply rely on the plain meaning of the language. But where only part of the statute is clear, the court must look further. Arguably, subsection (a) standing alone is clear: it bars a person convicted of a criminal offense from recovering damages for injuries sustained during the commission of a crime. In effect, subsection (a) creates an affirmative defense for potential defendants. But despite the clarity of subsection (a), subsection (b) is ambiguous. Subsection (b) is poorly drafted and contains double negatives that obscure the drafters' intentions. As a result, this court must consider the legislative intent to give meaning to section 86.001.

The legislative history of the applicable bill indicates that section 86.001 was intended to prevent the perpetrator of a crime from suing the *victim* of his crime. *See generally* Public Hearing for HB 692 before the House Civil Practices Committee, 74th Leg., R.S. (April 12, 1995 & May 11, 1995) (tape recordings on file with the Texas House of Representatives, House Audio–Video Services); Public Hearing for HB 692 before the Senate Jurisprudence, 74th Leg., R.S. (May 25, 1995 & May 27, 1995) (tape recordings on file with the Senate Staff Services Office). The bill was written after a husband intervened in the sexual assault of his wife and the husband injured the assailant. The assailant sued the couple, and although the case was ultimately justly resolved, the woman experienced a great deal of grief and expense.

HB 692 was drafted to preclude this from happening again.

Only one concern was raised when the bill was discussed in the House committee. That issue is reflected in subsection (b)(2). The bill was amended to add subsection (b)(2), to ensure a convicted person was not precluded from recovering from an injury sustained as a result of a "trap gun" type device. The legislative history does not mention DWI or any other criminal offense.

With all this in mind, section (a) can be reconciled with section (b) so that the statute makes sense. The drafter probably intended the statute to mean:

A claimant who has been convicted of a felony or misdemeanor *may not sue the victim of the felony or misdemeanor* for an injury sustained during the *prevention or* commission of the felony or misdemeanor if the injury would not have been sustained but for the commission of the felony or misdemeanor, *or for injury that resulted from the claimant's apprehension during or immediately following the commission of the felony or misdemeanor.*

Under this reading, a claimant could sue for injury he sustained as a result of a retaliatory action—*e.g.,* the husband subsequently discovers who assaulted his wife and then attacks and injures the perpetrator. As logical as this interpretation is, the statute is not written this way. Instead, the statute is written to establish an affirmative defense—subsection (a), and an exception to the affirmative defense—subsection (b).

DWI is ordinarily a victimless crime.[1] In this particular DWI, Salazar was perhaps her own victim. As a result, the

---

**1.** I state this only in the context that the majority of people charged with DWI are apprehended before they cause an accident and injure others. I recognize that the rav-

ages of alcoholism do take their toll on the alcoholic and well as on family, co-workers, and friends.

statute doesn't seem to apply at all. Nonetheless, the language of the subsection (a) applies to "a claimant that has been convicted of a felony or a misdemeanor"—language that prevents the majority from reaching the legislative intent. But Salazar should prevail in this appeal even without reaching legislative intent because NATCO asserted the affirmative defense created by subsection (a), and Salazar asserted that her claim fell within the exception to the affirmative defense as provided in subsection (b). As a result, the summary judgment burden shifted to NATCO to raise a fact question about whether subsection (b) applied. NATCO never addressed subsection (b). I believe this to be an additional ground for reversal of summary judgment.