

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00032-CV

**ROMELLE PEOPLES,**

**Appellant**

**v.**

**GENCO FEDERAL CREDIT UNION AND
MCDONALD RECOVERY SERVICE, INC.,**

**Appellees**

**From the 414th District Court
McLennan County, Texas
Trial Court No. 2007-4443-5**

## MEMORANDUM OPINION

Romelle Peoples appeals the granting of motions for summary judgment filed by Genco Federal Credit Union and McDonald Recovery Service, Inc., which denied relief on all of the claims Peoples had filed against them. *See* TEX. R. CIV. P. 166a(c) & (i). Peoples complains that the trial court erred by granting the motions for summary judgment, that the trial court erred in denying his objections to the summary judgment evidence; and that the trial court erred by granting the objections filed by Genco and

McDonald to his amended petition filed three days before the summary judgment hearing.

Genco and McDonald both complain that the trial court erred by denying their claims for attorney's fees pursuant to section 86.004 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §86.004 (Vernon 2005). McDonald further complains that the trial court erred by denying its claims for attorney's fees pursuant to section 134.005 of the Texas Civil Practice and Remedies Code and rule 13 of the Texas Rules of Civil Procedure.

Because we find that the trial court properly granted Genco and McDonald's motions for summary judgment as to the claims Peoples had filed against them, that the trial court did not err by denying Peoples's objections to the summary judgment evidence, or by striking his late-filed amended petition, that the trial court did not err by denying Genco's and McDonald's claims for attorney's fees pursuant to section 86.004 of the Civil Practice and Remedies Code, that the trial court did not err by denying McDonald's claim for attorney's fees pursuant to rule 13 of the Rules of Civil Procedure, but that the trial court did err by denying McDonald's claim for attorney's fees pursuant to section 134.005 of the Civil Practice and Remedies Code only, we reverse the judgment of the trial court as to McDonald's claim for attorney's fees pursuant to section 134.005 only, and remand this cause to the trial court for a determination of that claim. Otherwise, we affirm the judgment of the trial court.

*Background*

Genco was the lienholder on a 2001 Toyota 4-Runner owned by Peoples. McDonald repossessed the vehicle at Genco's request. While McDonald was repossessing the vehicle, Peoples fired a weapon at McDonald's vehicle. Peoples was subsequently convicted of aggravated assault with a deadly weapon and sentenced to five years in prison for that shooting. Peoples filed a claim against Genco for breach of contract, and against both Genco and McDonald for wrongful repossession, conversion, and theft of property.

*Procedural History*

Genco and McDonald both filed traditional and no-evidence motions for summary judgment that sought judgment against Peoples regarding the claims he had filed against them. *See* TEX. R. CIV. PROC. 166a(c) & (i). Genco's motions were granted as to both the traditional motion for summary judgment and the no-evidence motion. McDonald's motion for summary judgment was granted based on the no-evidence grounds relating to the claims regarding the wrongful repossession, conversion, and theft of property, but was denied on the traditional grounds that sought the award of attorney's fees.

*Summary Judgment*

We review the trial court's granting of a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

*Traditional Summary Judgment Motion*

The movants in a traditional summary judgment motion must show that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c). A defendant is entitled to the granting of a motion for summary judgment if it conclusively negates an essential element of the plaintiff's case or conclusively establishes all of the necessary elements of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovants, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co.*, 164 S.W.3d at 661. Once the movants establish their right to a judgment as a matter of law, the burden shifts to the nonmovants to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). When the trial court does not specify the grounds upon which it ruled, the order granting the motion for summary judgment may be affirmed if any of the grounds stated in the motion is meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

*No-Evidence Summary Judgment Motion*

A no-evidence summary judgment motion is treated as essentially a pretrial directed verdict. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). After an adequate time for discovery has passed, a party without the burden of proof at

trial may move for summary judgment on the ground that the nonmoving party lacks supporting evidence for one or more essential elements of its claim. *See* TEX. R. CIV. P. 166a(i); *Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 682-83 (Tex. App.—Dallas 2000, no pet.). The moving party must file a motion that specifies which elements of the nonmoving party's claim lack supporting evidence. TEX. R. CIV. P. 166a(i). Once a proper motion is filed, the burden shifts to the nonmoving party to present evidence raising any issues of material fact on the challenged elements. *Murray v. Ford Motor Co.*, 97 S.W.3d 888, 890-91 (Tex. App.—Dallas 2003, no pet.). We review the evidence in the light most favorable to the party against whom the summary judgment was rendered. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002).

A no-evidence motion for summary judgment is properly granted if the non-movant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the non-movant's claim on which the non-movant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Havner*, 953 S.W.2d at 711. A scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact, and the legal effect is that there is no evidence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

*The Summary Judgment Motions*

Genco's traditional motion for summary judgment alleged that Peoples's claims were barred by *res judicata;* that Peoples had defaulted on his contractual obligations as a matter of law; and that due to his criminal conduct surrounding the repossession Peoples was barred from recovering from Genco pursuant to Chapter 86 of the Texas Civil Practice and Remedies Code. Genco's no-evidence motion for summary judgment alleged that Peoples could provide no evidence that his damages were proximately caused by Genco's actions or omissions.

McDonald's no-evidence motion for summary judgment alleged that there was no evidence that McDonald was liable to Peoples as an agent of Genco, no evidence of Peoples's claims of breach of contract against McDonald, and no evidence as to the claims for wrongful repossession, conversion, or theft of property. McDonald's traditional motion for summary judgment sought summary judgment as to attorney's fees that they were seeking.

*Briefing*

Texas Rule of Appellate Procedure 38.1(h) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(h). Merely uttering brief conclusory statements, unsupported by legal citations is insufficient. *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). "Issues on appeal are waived if an appellant fails to support his contention by citations to appropriate authority . . ." *Abdelnour v. Mid Nat'l Holdings,*

*Inc.*, 190 S.W.3d 237, 241 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Similarly, appellate issues are waived when the brief fails to contain a clear argument for the contentions made. *See Brock v. Sutker*, 215 S.W.3d 927, 929 (Tex. App.—Dallas 2007, no pet.) (holding that issue is waived by brief that makes no attempt to analyze trial court's order within context of cited authority). Both citation to authorities and argument are required. *See Bradt v. West*, 892 S.W.2d 56, 69 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (holding fact that brief contains authorities on conspiracy is not alone sufficient to comprise "argument" necessary to keep from waiving cause of action on appeal, as both authorities and argument are required).

In his brief to this Court, Peoples makes only a blanket statement regarding the trial court's perceived failure to indulge every reasonable inference in his favor in the summary judgment proceeding as to whether he had defaulted on his obligation to Genco by stating that "Peoples had no basis upon which to think that he was in default less than a month after his last personal visit to Genco. Any inference as to the problem with this timing must be indulged in favor of Peoples." The only discussion as to the granting of the motion for summary judgment in favor of McDonald relating to Peoples's default is "[a]ny inference as to the lack of verification McDonald required prior to repossession must be indulged in favor of Peoples."

If Peoples had, in fact, defaulted on his contract with Genco, each of his causes of action against both Genco and McDonald would necessarily fail. We hold that Peoples's brief is inadequate to present any challenge to whether he defaulted on his

contractual obligations after November 10, 2005 as it relates to Genco or McDonald. *See Brock*, 215 S.W.3d at 929.

"If summary judgment may have been rendered, properly or improperly, on a ground not challenged on appeal, the judgment must be affirmed." *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Jacobs v. Satterwhite*, 65 S.W.3d 653, 655 (Tex. 2001) (holding appellate court may not reverse judgment on grounds not raised and argued on appeal). Because Peoples has not properly challenged every ground on which summary judgment may have been granted as discussed above, we must uphold the trial court's summary judgment in favor of Genco and McDonald. *See Ellis*, 68 S.W.3d at 898.[1] We overrule Peoples's issue one.

### *Objections to Summary Judgment Evidence*

Peoples complains in issue two that the trial court erred by denying his objections to the summary judgment evidence because two affidavits attached to Genco and McDonald's motions contained conclusory statements and therefore were insufficient summary judgment evidence. However, Peoples does not point out specifically in his brief which statements he finds objectionable, nor in what manner they are conclusory.

---

[1] We note that even if he had properly presented this issue by appropriate citations to case authority and argument in his brief, the summary judgment evidence established that Peoples had not made any weekly payments on his obligation to Genco after November 10, 2005, which resulted in a default of the contract with Genco. This defeated an essential element of Peoples's causes of action. *See Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995).

Complaints about the substance of a summary judgment affidavit can be raised for the first time on appeal. *Choctaw Props., L.L.C. v. Aledo I.S.D.*, 127 S.W.3d 235, 241 (Tex. App.—Waco 2003, no pet.). However, it is still the obligation of the party challenging the affidavit to specifically describe what statements are conclusory and some explanation as to why the statements are conclusory to present the error to us. *See* Tex. R. App. P. 38.1(h) & (i). In addition, Peoples does not complain about the documentary evidence attached to the affidavits, which demonstrate that no payments were made by Peoples after November 10, 2005 through the date of the repossession.

Thus, even if we assume that the affidavits contained impermissible conclusions, we do not find that any error in their admission probably caused the rendition of an improper judgment that would necessitate reversal. *See* Tex. R. App. P. 44.1(a)(1); *see also Mancorp., Inc. v. Culpepper*, 802 S.W.2d 226, 230 (Tex. 1990) ("When erroneously admitted evidence is merely cumulative or does not concern a material issue dispositive of the case, the error is harmless."). We overrule Peoples's issue two.

### *Stricken Amended Pleadings*

Peoples complains in his third issue that the trial court abused its discretion by striking an amended petition filed three days prior to the hearing on the motions for summary judgment because there was no showing of surprise by Genco or McDonald. The amended petition added claims for negligence, violations of UCC Article 9, violation of the Fair Debt Collection Practices Act, negligent misrepresentation, claims for exemplary damages, and attorney's fees.

We review a trial court's refusal to allow an amendment to a party's pleadings for an abuse of discretion. *See Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex. 1990). We will not reverse a trial court's judgment as an abuse of discretion unless the trial court acted in an arbitrary manner, without reference to any guiding rules or principles. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003). Further, it must be clear from the record that the trial court could have reached only one contrary decision. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002).

Under Rule 63, a party generally may amend its pleadings as it desires, subject only to a complaint of surprise. *See* TEX. R. CIV. P. 63. However, the rule also states that:

> any pleadings, responses or pleas offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed *only after leave of the judge is obtained*, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party.

*Id.* (*emphasis added*). Peoples did not ask for leave to file his amended pleading at any time. Because of this failure, it was not an abuse of discretion for the trial court to strike Peoples's amended petition. *See In re Carpenter*, No. 05-08-00083-CV, 2008 Tex. App. LEXIS 1105 at *7 (Tex. App.—Dallas February 24, 2008) (orig. proc.). We overrule Peoples's issue three.

### *Attorney's Fees*

Genco and McDonald complain in this appeal that the trial court erred in denying their claims for attorney's fees. Genco sought an award of attorney's fees pursuant to section 86.004 of the Texas Civil Practice and Remedies Code exclusively. McDonald sought the award of attorney's fees pursuant to Texas Rule of Civil

Procedure 13 and Texas Civil Practice and Remedies Code sections 86.004 and 134.005. The trial court denied both parties' requests for attorney's fees.

The trial court issued a letter ruling after the entry of the order granting Genco's motion for summary judgment, which ruled on Peoples's objections to the summary judgment evidence, struck the late-filed petition, and denied all claims for attorney's fees. Genco and McDonald separately filed motions with the trial court requesting a final hearing on the issue of attorney's fees. According to the final order entered in this cause, the issue regarding attorney's fees was determined in a bench trial by the agreement of the parties. The final order assesses costs against Peoples but denies all claims for attorney's fees.

*Civil Practice and Remedies Code Section 86.004*

Chapter 86 of the Texas Civil Practice and Remedies Code, entitled "Liability for Certain Injuries to Convicted Persons," was enacted to prevent individuals convicted of crimes from being able to recover damages in certain situations. *See* TEX. CIV. PRAC. & REM. CODE ANN. Ch. 86 (Vernon 2005). Genco and McDonald both contend that Peoples was barred from recovery on his causes of action against them because he was convicted of shooting at McDonald's truck during the repossession.

Section 86.002(a) provides a defense to a suit for damages when the claimant has been convicted of a felony or misdemeanor for "an injury sustained during the commission of the felony or misdemeanor if the injury would not have been sustained but for the commission of the felony or misdemeanor." TEX. CIV. PRAC. & REM. CODE

ANN. § 86.002(a) (Vernon 2005).  However, there is an exception.  The claims are not barred if:

> (1) the damages arose from an act entirely separate from any act intended to result in the:
>
> (A) prevention of the commission of a felony or misdemeanor by the claimant; or
>
> (B) apprehension of the claimant during or immediately after the commission of the felony or misdemeanor; and
>
> (2) the damages did not arise from a premises defect or other circumstance that the claimant was exposed to as a result of the commission of the felony or misdemeanor.

TEX. CIV. PRAC. & REM. CODE ANN. § 86.002(b) (Vernon 2005).  Section 86.004 creates liability for a claimant who is barred from recovering under this chapter for attorney's fees and costs incurred to defend the claim.  TEX. CIV. PRAC. & REM. CODE ANN. § 86.004 (Vernon 2005).

When the subsections of Section 86.002 are read together, it is apparent that the bar to recovery was intended to apply only to those criminal wrongdoers who are injured by persons who caused injury while attempting to prevent the commission of the crime, or while attempting to apprehend the wrongdoer during or immediately after the commission of the crime. *Salazar v. Natco, Inc.*, 53 S.W.3d 412, 414 (Tex. App.—San Antonio 2001, no pet.).  Although certainly some of Peoples's claimed damages would not have occurred but for his own act of shooting at the repossession agent's truck, which resulted in his imprisonment, Peoples was not injured by someone in the course of attempting to stop him from committing that offense or attempting to

apprehend him, and the damages did not arise from a premise defect or other circumstance to which he was exposed while committing the aggravated assault. If the vehicle was repossessed wrongfully, it was done so without regard as to Peoples's actions during the repossession, which makes his claims separate from the aggravated assault. Accordingly, we find that his claims were not barred pursuant to section 86.002. Therefore, the trial court did not err in denying Genco's or McDonald's claims for attorney's fees under section 86.004. We overrule Genco's sole issue and the portion of McDonald's issue relating to section 86.004.

*Civil Practice and Remedies Code Section 134.005*

McDonald claims it was entitled to recover its attorney's fees as a prevailing party under the Texas Theft Liability Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.001-005 (Vernon 2005). Section 134.005(b) provides that "[e]ach person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees." TEX. CIV. PRAC. & REM. CODE ANN § 134.005(b). McDonald argues that this provision is mandatory, and the trial court had no discretion to refuse them their fees. Peoples does not dispute that this section is mandatory; however, Peoples disputes that McDonald is a prevailing party as contemplated by the statute.

A prevailing party is the party "who successfully prosecutes the action or successfully defends against it.…" *Johns v. Ram-Forwarding, Inc.*, 29 S.W.3d 635, 637-38 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (*citing City of Amarillo v. Glick*, 991 S.W.2d 14, 17 (Tex. App.—Amarillo 1997, pet. denied)). In other words, the "prevailing party" is the party who is vindicated by the trial court's judgment. *Glick*, 991 S.W.2d at 17.

Peoples contends that only a plaintiff can be a prevailing party; however, we disagree with this contention. If the legislature had intended to only include plaintiffs as prevailing parties under section 134.005, it certainly could have done so but did not. *See* TEX. CIV. PRAC. & REM. CODE ANN. §134.005(b).

Additionally, the language in section 134.005(b) is mandatory. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998) ("Statutes providing that a party 'may recover,' 'shall be awarded,' or 'is entitled to' attorney fees are not discretionary."). The trial court abused its discretion by refusing to award attorney's fees to McDonald as a prevailing party pursuant to Chapter 134.

It appears from the record before us that the only evidence regarding attorney's fees is an affidavit attached to McDonald's motion for summary judgment, which Peoples contends is merely conclusory and incompetent summary judgment evidence.

Among the factors most frequently considered in determining the reasonableness of attorney's fees are: (1) the time and labor involved, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on

results obtained or uncertainty of collection before the legal services have been rendered. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

The affidavit attached to McDonald's motion for summary judgment was executed properly by an attorney representing McDonald. The affidavit states that $7,500.00 is a reasonable fee to be awarded. The affidavit does not contain any of the required elements set forth in *Arthur Andersen.* Instead, the affidavit states that the attorney is licensed and practices in McLennan County, is personally cognizant of the effort of McDonald's counsel in the defense of the suit, investigated the facts surrounding this matter, spent reasonable time in the defense of the suit. Then, the affidavit avers that $7,500.00 is a reasonable fee "based on the work performed by McDonald's counsel, the traditional elements for determining a reasonable fee, the customary fees for work of a similar nature, the responsibility assumed" by McDonald's counsel in the defense of the suit.

When there is some evidence to support an award of attorney's fees, but insufficient evidence to support the amount awarded, we will remand the issue rather than render judgment. *See Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. and Research Corp.*, 299 S.W.3d 106, 124 (Tex. 2009); *Guevara v. Ferrer*, 247 S.W.3d 662, 669-70 (Tex. 2007). Accordingly, we reverse and remand this cause to the trial court for a determination of the proper amount of attorney's fees to be awarded to McDonald. We sustain McDonald's first issue solely as it relates to the award of attorney's fees pursuant to Chapter 134 of the Civil Practice and Remedies Code.

*Rule of Civil Procedure 13*

McDonald also complains that the trial court erred by failing to award attorney's fees based on a violation of rule 13 of the Texas Rules of Civil Procedure. We review a trial court's determination regarding sanctions for an abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). We have previously held that in order to find an abuse of discretion pursuant to rule 13 that an evidentiary hearing must be conducted, at which time it is the burden of the party seeking sanctions to establish that the pleadings were groundless and that they were brought in bad faith or for purposes of harassment. *See R.M. Dudley Constr. Co. v. Dawson*, 258 S.W.3d 694, 707 (Tex. App.—Waco 2008, pet. denied) (*quoting Estate of Davis v. Cook*, 9 S.W.3d 288, 297 (Tex. App.—San Antonio 1999, no pet.)).

"Groundless" means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. TEX. R. CIV. P. 13. "Bad faith" is not simply bad judgment or negligence; rather, it is the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes. *See State v. PR Invs. & Specialty Retailers, Inc.*, 180 S.W.3d 654, 670 (Tex. App.—Houston [14th Dist.] 2005), *aff'd*, 251 S.W.3d 472 (Tex. 2008). Improper motive is an essential element of bad faith. *Elkins v. Stotts-Brown*, 103 S.W.3d 664, 669 (Tex. App.—Dallas 2003, no pet.). "Harassment" means that the pleading was intended to annoy, alarm, and abuse another person. *See PR Invs.*, 180 S.W.3d at 670. Courts must presume that papers are filed in good faith, and the party moving for sanctions bears the burden of overcoming this presumption. *Id.*

The only evidence before the trial court was the summary judgment evidence and we find nothing in that record to indicate that the trial court abused its discretion by not granting sanctions pursuant to rule 13. We overrule this portion of McDonald's sole issue.

*Conclusion*

We find that the trial court did not err by granting the motions for summary judgment filed by Genco and McDonald relating to the claims Peoples had made against them. We find that the trial court did not abuse its discretion by overruling Peoples's objections to the summary judgment evidence or err by striking Peoples's late-filed amended petition. We find that the trial court did not abuse its discretion by failing to award attorney's fees to Genco on any of its claims. We do find that the trial court abused its discretion by failing to award attorney's fees to McDonald on the theft claim only, but not pursuant to section 86.004 or rule 13. We reverse the finding regarding attorney's fees as to McDonald and remand this cause to the trial court for a determination of reasonable and necessary attorney's fees for the defense of the theft claim only.[2] We affirm the judgment of the trial court in all other respects.

TOM GRAY
Chief Justice

---

[2] By this holding we should not be misconstrued as holding that fees incurred in defending against the Theft Claim that are also intertwined with the defense of other claims cannot be recovered. Essentially the non-recoverable attorney's fees are those fees related solely to a claim other than the theft claim. *See Tony Gullo Motors v. Chapa*, 212 S.W.3d 299 (Tex. 2006).

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed in part, reversed and remanded in part
Opinion delivered and filed May 5, 2010
[CV06]