

NUMBER 13-11-00300-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GRACE HOYT,                                                                    Appellant,

v.

TIMOTHY VAN FRANK, M.D., ET AL.,                                               Appellee.

On appeal from the 347th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Justice Benavides**

This is an appeal of an order granting a motion to dismiss for failure to file an

expert report under Chapter 74 of the Texas Civil Practices and Remedies Code. *See*

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West 2011). Appellant, Grace Hoyt,

asserts the trial court erred in three ways:  (1) in finding that Hoyt's claim constituted a health care liability claim; (2) in allowing Appellee Timothy Van Frank, M.D. to act as his own expert witness; and (3) in denying Plaintiff's motion for a new trial.  We affirm.

## I.  BACKGROUND

Dr. Van Frank performed a colonoscopy, esophagogastroduodenoscopy,[1] and biopsy on Hoyt at Corpus Christi Gastroenterology, PLLC.  When Hoyt returned to Dr. Van Frank's medical office to pick up her test results to share with her primary care physician, an employee asked to weigh Hoyt.  Hoyt reluctantly agreed to be weighed. As Hoyt attempted to get on the medical scale, she fell and injured herself.  These injuries later formed the basis of a lawsuit Hoyt filed against Dr. Van Frank, Corpus Christi Gastroenterology, and Dr. Van Frank's employee.

Hoyt believed her lawsuit was a premises liability lawsuit, not a health care liability claim under chapter 74 of the civil practices and remedies code.  Her original petition, in relevant part, asserted the following:

> When [Hoyt] stepped onto the sca[l]e provided by [Dr. Van Frank] with her left foot, the scale tilted back causing [Hoyt] to fall and land on her wrist and her tailbone.  Plaintiff was an invitee at the time of her office visit to [Dr. Van Frank's] office.  [Dr. Van Frank] as the owner/possessor of the premises had a duty to [Hoyt], to keep the premises free from any unreasonable risk of harm.  In the exercise of reasonableness, [Dr. Van Frank] should have known of [the] dangerous condition at his place of business.  [Dr. Van Frank] breach[ed his] duty of ordinary care by both (1)

---

[1] According to the Medline Plus online medical dictionary, an "esophagogastroduodenoscopy" is a test to examine the lining of the esophagus, stomach, and first part of the small intestine.  *See* MEDLINE PLUS, *available at* http://www.nlm.nih.gov/medlineplus/mplusdictionary.html.

failing to adequately warn the Plaintiff of the condition, and (2) failing to make the condition reasonably safe.

Hoyt did not timely file an expert report within 120 days of filing her suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). Dr. Van Frank therefore filed a motion to dismiss on this basis. *See id.* § 74.351(b). Both Hoyt and Dr. Van Frank testified at the hearing on the motion to dismiss. Although Hoyt claimed she was solely at the office to pick up her test results, Dr. Van Frank testified that Hoyt had made an appointment, the purpose of which was "to go over the results of the operative findings, to review the biopsy results with her, to assess the status of her symptoms at that point in time, to formulate a treatment plan, [and] to decide if any additional testing would be required to help her." Dr. Van Frank also stated that Hoyt was being weighed as part of an established medical protocol to take the patient's blood pressure, pulse, weight, and other vital signs whenever one comes in for an appointment. Dr. Van Frank testified that Hoyt's weight measurement was especially important in light of the gastrointestinal complaints for which she was seeking treatment, because any significant weight loss would have been important to note. Hoyt admitted that she had to make an appointment to retrieve her results.

The trial court granted Dr. Van Frank's motion, and this interlocutory appeal ensued. *See Badiga v. Lopez*, 274 S.W.3d 681, 683 (Tex. 2009); *see also* TEX. CIV. PRAC. & REM. CODE ANN. §51.014(a)(9) (West 2008) (providing that a person may bring an interlocutory appeal of a trial court decision to deny all or part of the relief sought by a motion under section 74.351(b)).

3

## II. ANALYSIS

### A. Health Care Liability Claim

#### 1. Standard of Review and Applicable Law

Under chapter 74, any person who has brought a suit asserting a health care liability claim must provide an expert report for each physician or healthcare provider against whom the claim is asserted within 120 days of filing the claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). If an expert report is not filed, the trial court must, upon motion of the defendant, dismiss the claim with prejudice and award the defendant reasonable attorney's fees and costs of court. *See id.* § 74.351(b). The statute defines a health care liability claim as follows:

> A cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of actions sounds in tort or contract.

*Id.* § 74.001(a)(13) (West 2011).

Generally, we review a trial court's order denying a motion to dismiss under an abuse of discretion standard. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001). Whether a cause of action is a health care liability claim, however, is a question of law that an appellate court must review *de novo*. *See Boothe v. Dixon*, 180 S.W.3d 915, 919 (Tex. App.—Dallas 2005, no pet.).

"In determining whether a cause of action is a health care liability claim, we examine the underlying nature of the claim and are not bound by the form of the pleading." *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 847 (Tex. 2005).

4

"A plaintiff cannot circumvent the expert report requirement by artfully pleading her health care liability claim based upon the negligence of the health care provider as some other cause of action . . . ."  *Christus Spohn Health Sys. Corp. v. Sanchez*, 299 S.W.3d 868, 873 (Tex. App.—Corpus Christi 2009, no pet.).   The Texas Supreme Court recently elaborated on this principle:

> In defining the types of claims against health care providers constituting [health care liability claims], the question we face is not whether it seems that a claimed injury really arose from treatment commonly understood to be some type of medical or health care; nor do we address whether the incident causing the injury would have been a common law negligence claim. Instead, the issue posed is whether the umbrella fashioned by the Legislature's promulgation of the [Texas Medical Liability Act] includes the cause of action brought by a claimant against physicians or health care providers.
>
> The foundations of our analysis are well established. As in *Diversicare* and *Marks*, we determine whether the relevant allegations are negligence claims or are properly characterized as [health care liability claims] under the Act.

*Tex. West Oaks Hosp., LP. V. Williams,* No. 10-0603, 2012 Tex. LEXIS 561, at **16–17 (Tex. June 29, 2012) (citing *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 662 (Tex. 2010) (construing the TMLIIA); *Diversicare*, 185 S.W.3d at 847 (same)).

## 2.  Discussion[2]

Here, we look past the pleadings to determine the underlying nature of the claim. Hoyt, by her own admission, made an appointment with Dr. Van Frank's office to retrieve

---

[2] Hoyt also complains that she was "ambushed" because Dr. Van Frank never argued that it was a health care liability claim until after the 120 day deadline to file an expert report passed.   We find evidence to the contrary in the record.   In a Notice of Appearance of Additional Counsel, Dr. Van Frank asserted, "By way of further answer, Defendant Timothy Van Frank . . . pleads all of the relief, procedural and substantiative [sic] requirements of Chapter 74 of the Civil Practice and Remedies Code."

her test results. Although there is a dispute as to whether Hoyt was going to just "pick up" her results or actually meet with Dr. Van Frank, the record is clear that Hoyt was Dr. Van Frank's patient. Hoyt fell and injured herself in the process of a typical medical protocol—that of being weighed.

Importantly, in her petition, Hoyt claims that Dr. Van Frank had a faulty weight scale and failed to properly maintain it. We find this claim similar to the *Marks v. St. Luke's Episcopal Hospital* case, in which the Texas Supreme Court held that providing an unsafe or defective hospital bed constituted a health care liability claim under the former medical malpractice statute. *See* 319 S.W.3d 658, 664 (Tex. 2010). In *Marks*, the high court concluded that "[m]edical equipment specific to a particular patient's care or treatment is an integral and inseparable part of the health care services provided. When the unsafe or defective condition of that equipment injures the patient, the gravamen of the resulting cause of action is a health care liability claim." *Id.* Because Hoyt was seeking professional services directly related to the health care treatment Dr. Van Frank had previously provided, and fell off a medical apparatus related to her care which proximately resulted in her injury, we hold that this lawsuit is a health care liability claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13). We overrule Hoyt's first issue.

## B. Expert Witness

By her second issue, Hoyt argues that Dr. Van Frank should not have testified as his own witness to help establish this claim as a health care liability claim.

### 1. Applicable Law

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a); *see also* TEX. R. EVID. 103(a)(1). "If a party fails to do this, error is not preserved, and the complaint is waived." *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). The objecting party must get a ruling from the trial court. *Id.* Further, the complaint on appeal must be the same as that presented in the trial court. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997). An appellate court cannot reverse based on a complaint not raised in the trial court. *Id.*

### 2. Discussion

Hoyt complains that the trial court erred in allowing Dr. Van Frank to act as his own expert witness. However, Hoyt lodged no objection when Dr. Van Frank testified at the hearing on the motion to dismiss. In fact, Hoyt's counsel questioned Dr. Van Frank at length without lodging an objection about his ability to testify or his qualifications. Because the issue raised on appeal does not comport with an objection made before the trial court, we overrule this issue. *See id.*

## C.     Motion for New Trial

### 1. Applicable Standard

Texas Rule of Civil Procedure 320 sets forth the procedure for motions for new trial. The rule provides, in relevant part, that, "New trials may be granted and judgment set aside for good cause, on motion or on the court's own motion on such terms as the

7

court shall direct." Tᴇx. R. Cɪv. P. 320. When a motion for new trial is filed by a party, the motion must clearly set forth the bases for the motion:

> Each point relied upon in a motion for new trial or in arrest of judgment shall briefly refer to that part of the ruling of the court, charge given to the jury, or charge refused, admission or rejection of evidence, or other proceedings which are designated to be complained of, in such a way that the objection can be clearly identified and understood by the court.

Tᴇx. R. Cɪv. P. 321.

"Texas trial courts have historically been afforded broad discretion in granting new trials." *See In Re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 210 (Tex. 2007) (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to guiding rules or principles. *See Broders v. Heise*, 924 S.W.2d 148, 151 (Tex. 1996).

### 2. Discussion

Hoyt argued that her motion for a new trial should have been granted on several bases. First, she advanced that Dr. Van Frank should not have been allowed to testify as his own witness. As we discussed in the previous section of this opinion, though, Hoyt waived this complaint when her attorney cross-examined Dr. Van Frank at length at the motion to dismiss hearing and failed to lodge this specific objection. *See Banda*, 955 S.W.2d at 272; Tᴇx. R. Aᴘᴘ. P. 33.1(a).

Second, Hoyt argues that Dr. Frank "was not qualified to testify as an expert" and that his testimony was "biased, self-serving, and unreliable." Again, however, Hoyt made none of these objections during Dr. Van Frank's testimony during the hearing on the motion to dismiss, so this argument is also waived. Tᴇx. R. Aᴘᴘ. P. 33.1(a).

8

Third, Hoyt asserts that Dr. Van Frank was not listed as an expert witness in appellees' responses to requests for disclosure. *See* TEX. R. CIV. P. 166. Hoyt argues that "[Dr.] Van Frank was required to be listed as an expert in order to testify at the hearing on Defendant's Motion to Dismiss." The hearing on the motion to dismiss, however, was not a trial on the merits. The rules of civil procedure regarding expert disclosure, such as Rule 190.4 that a plaintiff's expert must be designated either 90 days before the end of the discovery period or as otherwise ordered by the court, apply to actual trial settings. *See* TEX. R. CIV. P. 190.4. They do not apply to preliminary hearings in a chapter 74 setting. *See Spectrum Healthcare Res., Inc. v. McDaniel*, 306 S.W.3d 249, 253 (Tex. 2010). "A section 74.351 threshold expert report has a unique purpose separate and apart from the procedural rules relating to discovery and typical expert reports. The Legislature created the threshold report requirement as a substantive hurdle for frivolous medical liability suits before litigation gets underway." *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 74.351). "In recognition of their distinct role, threshold medical reports are treated differently from ordinary expert reports." *Id.*

Finally, Hoyt contends that she should have been granted "a new trial in order to conduct discovery on the issue of whether the facts alleged constituted a health care liability claim." Based on the record, though, which included evidence that Hoyt was a patient of Dr. Van Frank's, that Dr. Van Frank performed several outpatient tests and procedures on her, that Hoyt made an appointment to retrieve her test results, that she fell while being weighed as part of a general medical protocol, and that she alleged her injuries were the result of a faulty piece of medical equipment which aided in her care

9

and treatment, we cannot say the trial court abused its discretion when it failed to grant a motion for new trial.   *See Broders*, 924 S.W.2d at 151.   We overrule Hoyt's third issue.

### III. CONCLUSION

Having overruled all of Hoyt's issues, we affirm the order of the trial court.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
9th day of August, 2012.